**YOUN GIN ING v. NAGLE, Commissioner of Immigration.**

Circuit Court of Appeals, Ninth Circuit.

No. 5091.

Aliens ⬦═32(8)—*Discrepancies in testimony of alleged citizen father of alien seeking admission held to warrant finding relationship was not established.*

Unexplained discrepancies in testimony of a native-born citizen, claiming to be father of alien seeking admission, *held* to warrant finding that alleged relationship was not established.

Appeal from the District Court of the United States for the Second Division of the Northern District of California.

Habeas corpus proceeding by Youn Gin Ing against John D. Nagle, as Commissioner of Immigration at the Port of San Francisco. From an order denying the writ, petitioner appeals. Affirmed.

John L. McNab and Byron Coleman, both of San Francisco, Cal., for appellant.

Geo. J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. This is an appeal from an order denying a petition for a writ of habeas corpus. The appellant arrived at the port of San Francisco from China, July 28, 1926, and applied for admission to the United States as the son of Youn Bing Ton, a native-born citizen of this country. The citizenship of Youn Bing Ton was conceded, but the immigration authorities found that the claimed relationship had not been established. The principal reason assigned for denying the application for admission was certain discrepancies found in testimony given by Youn Bing Ton at different hearings before the department. The witness testified in different matters there pending in 1910, 1911, 1921, 1922, 1924, and at the present hearing in 1926. In 1910 he testified that he had five sons and no daughters, giving the names and ages of the several sons, ranging from 14 years down to 5 years. The appellant was the third son, and his age was given as 11 years. The witness was again examined in 1911, and gave substantially the same testimony, making due allowance for the time elapsing between the two hearings.

On the present hearing in 1926, the witness gave the ages of his five sons as 31, 29, 22, 21, and 18, and on hearings held in 1921, 1922, and 1924 the ages given corresponded closely with those given at the last hearing, making, as already stated, due allowance for the time elapsing between the different hearings. At the time of the present hearing, the age of the appellant was 20 years and 5 months, or about 7 years less than the age given in 1910 and 1911, and approximately 2 years less than the age given by the same witness in 1921, 1922, 1924, and at the present hearing. No attempt was made to explain this discrepancy, beyond a suggestion that a mistake may have been made in transcribing the testimony. Had the witness testified to the age of but one son on but one occasion, there might be some merit in this suggestion; but when we consider the fact that he gave the names and ages of all five sons in chronological order in 1910 and 1911, that the age of the third son was given as 11 years in 1910 and 12 years in 1911, that the age of the second son was given as 13 years in 1910, and of the fourth son as 10 years, all reasonable probability of any such mistake as that suggested is entirely eliminated. The department was therefore confronted with this unexplained discrepancy in the testimony, and was warranted in finding that the claimed relationship had not been established.

The order is affirmed.